IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT HILLSBOROUGH COUNTY,
STATE OF FLORIDA

**WILLIAM ROGACHESKY,**

Plaintiff,

-vs-

Case No. **2012 28996**
HON.

**VERIZON FLORIDA LLC
ENHANCED RECOVERY COMPANY LLC**

Defendant.

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30600 Telegraph Road, #1350
Bingham Farms MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM

_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **WILLIAM ROGACHESKY** (Plaintiff), by and through counsel, brings this action against the above listed Defendant, **VERIZON FLORIDA LLC ("Verizon") ENHANCED RECOVERY COMPANY LLC ("Enhanced")** on the grounds and in the amounts set forth herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq*, and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. and seeks actual damages, costs and attorneys fees. **THIS CASE SEEKS A MONETARY JUDGEMENT LESS THAN $15,000.**

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Hillsborough County, Florida, and a consumer as defined by 15 U.S.C. 1692a(3) and Florida Statutes, Sections 559.55 (2).

2.

The Defendant Verizon is a For-Profit Corporation with its registered agent located in the State of Florida and the actions in this case taking place at Plaintiff's home in the town of Wimauma, Hillsborough County, Florida.

3.

The Defendant Enhanced is a For-Profit Corporation with its registered agent located in the State of Florida and the actions in this case taking place at Plaintiff's home in the town of Wimauma, Hillsborough County, Florida.

4.

The Defendants are engaged in the collection of debts from consumers using the mail and telephone. The Defendants regularly attempt to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a(6) and FCCPA, 559.55 (6).

## III. JURISDICTION AND VENUE

5.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. 1692 *et seq.* and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq.

The venue is proper in any court of competent jurisdiction under 15 U.S.C. 1692k(d). **THIS CASE SEEKS A MONETARY JUDGEMENT LESS THAN $15,000.**

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

6.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

7.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

8.

Under the FDCPA, a debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

9.

Under the FDCPA, a debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

10.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

11.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

12.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

13.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

14.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

15.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

16.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

17.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(5) By disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information; and

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist; and

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

18.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

19.

Plaintiff realleges the above pleadings.

20.

Plaintiff is receiving numerous phone calls and letters from Defendants' representatives in regards to the collection of an alleged debt that is paid. **Please see attached Exhibit No. 1.**

21.

Defendant Verizon has placed the debt on Plaintiff's credit reports twice even though the debt is paid off. **Please see Exhibit 2 which are the credit reports and Exhibit 3 which is proof the debt is paid off.**

22.

~~Defendant Enhanced has sent Plaintiff an initial dunning letter stating that the collection~~ efforts will only cease when the debt is paid off even though in the same letter, the Defendant states that the debt can be disputed and validated which, under the FDCPA, collection efforts must cease until the debt collection agency provides proof the debtor owes the disputed debt.

**Please see attached Exhibit No. 4.**

23.

Defendant Enhanced is seeking to collect on a debt Plaintiff does not owe.

24.

Plaintiff has complained to Defendant Verizon but Verizon just tells Plaintiff to contact the collection agency. However, Defendant Verizon has sent many different collectors after Plaintiff for this debt that Plaintiff does not owe. **Please see Exhibit 5**.

25.

Plaintiff does not owe the debts being collected and Defendant Verizon refuses to take the debt off his credit report.

26.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

## VI. CAUSES OF ACTION

### CLAIM AGAINST DEFENDANTS UNDER THE FDCPA AND FCCPA

27.

Plaintiff realleges the above pleadings.

28.

~~The Defendant Enhanced has violated the FDCPA, 15 U.S.C. 1692e (10) by the use of~~ false representations and deceptive means in pursuing Plaintiff for a debt as shown above.

29.

Defendant Enhanced has violated the FDCPA, 15 U.S.C. 1692d by engaging in any

conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt as pled above.

30.

Defendant has violated the FDCPA, 15 U.S.C. 1692g by stating that the Plaintiff can seek validation of the debt which halts all collection efforts of the debt collector while at the same time in the same communication to Plaintiff stating that the collection efforts will not cease until the debt is paid.

31.

Defendant Verizon has violated the FCCPA, 559.72(5) by placing a debt Plaintiff does not owe on Plaintiff's credit reports.

32.

Defendant Verizon has violated the FCCPA, 559.72(9) by pursing Plaintiff for a debt he does not owe through various debt collectors when Verizon knows the debt is not legitimate.

33.

Defendant Verizon has violated the FCCPA, 559.72(7) by willfully harassing Plaintiff with repeated contact regarding a debt Verizon knows not to be legitimate.

34.

Under the FCCPA, the Defendants shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

35.

As a result of the actions of Defendants, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 18 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

36.

Plaintiff seeks judgment against the Defendants in whatever amount that Plaintiff is entitled including actual damages, consequential damages, punitive damages and the costs and expenses of this action under the FDCPA and FCCPA.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages under the FDCPA and FCCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorney's fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 20th day of October 2012.

Respectfully submitted,

BRIAN P. PARKER (0980668)
Attorney for Plaintiff